John L. Larkin, J.
This is a proceeding brought under article 78 of the CPLR seeking to review and annul the actions of the respondents, New York State Teachers’ Retirement System and the New York State Teachers’ Retirement System Board, and to compel the respondents to include in the computation of the petitioner’s retirement allowance a 12% increase in salary received in his final year of service.
The petitioner was for many years a public school teacher, employed in the Pelham School District in Westchester County and was a member of the New York State Teachers’ Retirement System (the System) which is managed by the New York State Teachers’ Retirement System.Board (the Board).
The Pelham Teachers’ Association was the bargaining agent for the teachers employed in said district and negotiated several *18 agreements with the school district on behalf of the teachers. During the period 1969-1971, the by-laws of the Pelham Board of Education provided in article IX (b) section 7: “ Any teacher who has completed ten or more years of service in Pelham and who plans to retire in accordance with the provisions of the New York State Teachers’ Retirement System shall receive during his last year of teaching a differential of twelve percent in addition to his regular salary, provided that he has indicated his intention in writing to the Superintendent of Schools one calendar year in advance of the date when retirement will become effective.”
The by-laws were adopted after collective bargaining. The 1970, 1971 and 1972 agreements in the Pelham District continued the applicability of article IX (b) section 7, set forth above..
The petitioner, Harold Simonds, notified the Superintendent of the Pelham School District, by mail dated June 8, 1970, of his intention to retire effective July 1, 1971. He thereafter worked during the 1970-1971 school year. His pay was increased by 12% under the aforesaid agreement and was paid under the payment schedules then in force.
Upon the petitioner’s request, the Retirement System submitted to the petitioner, a computation of the allowance which would be available to him upon his retirement. The figures were based upon payroll figures submitted to the Retirement Boarc| by the school district and included in the petitioner’s final year’s salary, the extra 12% together with some other pay for extra instructional services.
Under the options selected by the petitioner, the estimate given to the petitioner by the Retirement System was $10,050 per annum.
Subsequently, the system notified the petitioner that ‘ ‘ the final calculation of your retirement allowance resulted in a figure lower than the one quoted in our estimate because your salary for the final year of service included some form of termination pay, which by law is specifically excluded from the computation of a three-year final average salary ”.
The facts are not in dispute in this matter and the issue squarely brought before this court is whether the payment of the 12% set forth in the policies of the Pelham Board of Education, article IX (b) section 7 is, or is not, includable under the definition of final average salary as set forth in subdivision 11 of section 501 of the Education Law, which in pertinent part reads as follows: “ ‘-Final average salary shall mean the *19 average annual compensation earnable as a teach^x during the five years of service immediately preceding his date of retirement, or it shall mean the average annual compensation earn-able as a teacher during any five consecutive years of state service, said five years to be selected by the applicant prior to date of retirement.
“ Notwithstanding anything to the contrary in this article, during the period July first, nineteen hundred sixty-nine and ending June thirtieth, nineteen hundred seventy-three, ‘ Final Average Salary ’ shall mean the average regular compensation earned as a teacher during the three years of actual service immediately preceding his date of retirement, or any other three years of consecutive service upon application of the member, exclusive of any lump sum payments for sick leave, annual leave or any other form of termination pay; provided, however, if the compensation earned in any twelve months exceeds that of the previous twelve months by more than twenty percentum, the amount in excess of twenty percentum shall be excluded in the computation of final average salary.”
The respondent, in computing the final average salary of the petitioner, did not include the 12% increase to the petitioner, claiming that such payments are excluded by law from the computation of the final average salary (Education Law, § 501, subds. 2 and 11).
The question of the legality of increased payments to teachers in their final year of service came before the Court of Appeals of the State of New York in Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington v. Associated Teachers of Huntington (30 N Y 2d 122). In Huntington (supra) the teachers had a similar, but not identical, provision for an increase in salary pursuant to a negotiated agreement, which in pertinent part reads as follows: Each teacher who hereafter indicates his intention to retire one year prior to such retirement under the New York State Teachers Retirement System or whose retirement is mandatory under such system shall receive at the start of the last school year of service a salary increase for that year ”. In commenting on that facet of the agreement, the court in Huntington {supra, p. 128) stated: “ The so-called retirement award provision also involves a term and condition of employment. Employers, both in the public and private sectors, have traditionally paid higher salaries based upon length of service and training. In addition to the fact that the payment was to be for services actually rendered during their last year of employment, the benefit provided for served the *20 legitimate purpose of inducing experienced teachers to remain in the employ of the school district. It is not, therefore, a constitutionally prohibited ‘ gift ’ of public moneys (N. Y. Const., art. VII, § 8, subd. 1; art. VIII, § 1), since the retiring teachers who benefit from this provision have furnished a ‘ corresponding benefit or consideration to the State ’. (Matter of Teachers Assn. [Bd. of Educ.], 34 A D 2d 351, 353.) Nor may the provision be regarded as creating a retirement plan since the additional compensation was made payable only upon completion of the required services during the year prior to retirement. If this, were to be deemed a retirement benefit, then, it would be equally logical to argue that increases in compensation in the years immediately prior to retirement were part and parcel of the retirement plan.”
The court went on to state in a footnote to the majority opinion (Huntington, 30 N Y 2d 122, 130, n. 6, supra): “ It should be noted that section 431 of the Retirement and Social Security Law, enacted last year (L. 1971, ch. 503), provides in subdivision 3 that, in a retirement or pension plan to which the State or a municipality thereof contributes, the salary base for the computation of retirement benefits shall not include ‘ any additional compensation paid in anticipation of retirement ’ earned or received ‘ on or after April first, nineteen hundred seventy-two ’. Quite apart from the fact that the collective agreement in this case antedated enactment of section 431, it is obvious that the statute, whatever impact it might have on the payment of retirement benefits, does not invalidate a salary increment payable, pursuant to the ‘ retirement award provision ’, for services rendered during the final year of employment. (See Kranker v. Levitt, 30 N Y 2d 574.) And we have no need or occasion to consider, the impact of any other statute (e.g., Education Law, § 501, subd. 11) upon a retirement award provision such as is contained in article XXI. ’ ’
The effect of the decision in Huntington {supra) is to rule that the payment of such a differential or ‘ retirement award ’ ’ is a valid exercise of the Board of Education’s power. The court declined to consider the impact of any other statute such as subdivision 11 of section 501 of the Education Law upon such a retirement award provision.
A review of the language of the policies of the Pelham Board of Education, set forth herein, and notwithstanding the expressed intent of the Board of Education of the Pelham School District and the Teachers’ Association that the 12% increase was “in recognition of ten or more years of meritorious service to the *21 school district ’ ’ as determined by the Superintendent of Schools, it is the conclusion of this court that such a payment is a “ retirement award ” provided by the collective bargaining agreement.
The petitioner claims that the extra 12% was salary and as such should be included in his three-year final average and submits in support thereof the fact, undisputed, that he was paid the increased 12% in the same manner and in the same increments as his base salary.
It is important to note here, although it does not control the decision in this case, that the 1971 Legislature enacted a new section (§ 431) to the Retirement and Social Security Law (L. 1971, ch. 503) which states, in pertinent part: “ In any retirement or pension plan to which the state or municipality thereof contributes, the salary base for the computation of retirement benefits shall in no event include any of the following earned or received, on or after April first, nineteen hundred seventy-two * * * 2. any form of termination pay, 3. any additional compensation paid in anticipation of retirement, or 4. that portion of compensation earned during any twelve months included in such salary base period which exceeds that of the preceding twelve months by more than twenty percentum.”
Thus, the Legislature has statutorily declared that payments in anticipation of retirement are not to be included in determining a salary base for retirement.
No matter how the increment is paid nor what semantics are used to direct the provision, nor what strained interpretation it may be given, the reasonable conclusion is that the 12% salary increase granted in the instant case given in the last year of the teacher’s service, is a retirement award and as such, violated section 501 of the Education Law.
This court concludes that such a retirement award is a “ form of termination pay and is expressly excluded from the definition of final average salary”. The computation as determined by the respondents is correct.
The petition is dismissed.